# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2010

No. 09-60220
Summary Calendar

Lyle W. Cayce
Clerk

BYRD & ASSOCIATES, PLLC; ISAAC K BYRD, JR.,

Plaintiff-Appellants,

v.

EVANSTON INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-260

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

The issue in this appeal is whether the district court erred when it granted summary judgment to Evanston Insurance Company (Evanston) in its professional liability insurance contract dispute with Byrd & Associates, PLLC (Byrd) because the contract terms unambiguously denied coverage to the claim underlying the dispute. We hold that the district court did not err; therefore, we AFFIRM.

Byrd initially purchased a professional liability insurance policy with

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Evanston in May of 2003 with coverage extending back to February 28, 2003. The policy was renewed annually by Byrd through February of 2006. The policy agreement in question has a policy period of one year beginning on February 28, 2005, and ending on February 28, 2006. The policy provides coverage for claims made during the policy period, or the extended reporting period, because of any "Act" occurring during the policy period, as well as any "Act" occurring prior to the policy period "provided that, on or prior to the effective date of this policy, no Insured was aware of any facts or circumstances from which a reasonable person would have anticipated a Claim."

The policy defines an "Act" as "[t]he performance of or omission of a duty or obligation by The Insured while rendering legal advice or legal services for others." Additionally, the policy contains a "Prior Acts Exclusion" which precludes coverage as "to any Claim based upon, arising out of, or in any way involving any Act . . . happening prior to February 28, 2003."

On March 29, 2005, Barbara Butler, a former client of Byrd's, sued Byrd for legal malpractice for failing to provide notice of a claim in her wrongful death medical malpractice case within the statute of limitations prescribed by the Mississippi Tort Claims Act. *See* Miss. Code. Ann. § 11-46-11. Shortly thereafter, Byrd filed a claim for coverage with Evanston requesting the provision of a defense against the claim. Evanston denied the request because the underlying act occurred in 2000, which was prior to the coverage period.

Grants of summary judgment are reviewed *de novo*, with this court applying the same standard as the district court, viewing the evidence in the light most favorable to the non-movant. *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 162 (5th Cir. 2007). Summary judgment is appropriate when a review of the evidence reveals no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).

Byrd argues that the insurance policy in this case is ambiguous, thereby creating a genuine issue of material fact as to what the terms of the policy mean. Byrd further argues that the policy should be construed against Evanston, the party that drafted the policy, and in favor of itself.  Under Mississippi law, if the language in an insurance policy is clear and unambiguous, it is the duty of the judge to construe the meaning of its terms as it is written. *Jackson v. Daley*, 739 So. 2d 1031, 1041 (Miss. 1999).  The rule of construction requiring that an insurance policy be read in a manner favoring the insured only applies where the contract is ambiguous.  *See, e.g.*, *Nationwide Mut. Ins. Co. v. Yelverton*, 417 F. Supp. 2d 817, 820 (S.D. Miss. 2006).  Courts will not strain to find an ambiguity where none exists, but will instead fulfill the intentions of the parties.  *Id*.  "If the policy language is clear, unequivocal, and, hence unambiguous, its terms will be enforced."  *Id*. (citation omitted).  Byrd maintains that the "Prior Acts Exclusion" contained in the policy is inconsistent with the coverage provisions, thereby creating an ambiguity.  We conclude, however, that the district court properly determined that no ambiguity exists in the policy agreement with respect to the "Prior Acts Exclusion."

The coverage provisions of the policy encompass claims arising from acts occurring outside of the policy period so long as Byrd was unaware of any facts from which it could reasonably anticipate a claim at the time of the policy agreement. The "Prior Acts Exclusion" is not inconsistent with this provision as it merely clarifies that the coverage provisions (including those extending coverage to acts occurring prior to the policy period) will not apply to any claims stemming from acts occurring prior to February 28, 2003.  The "Prior Acts Exclusion" caps the retroactive coverage of the insurance policy.

Because there is no ambiguity in the policy, the exclusion is to be given its full effect.  As such, this case requires no determination as to whether Byrd reasonably anticipated Barbara Butler's claim against it. Byrd's other arguments in this case also rely on a finding that the presence of the "Prior Acts

Exclusion" creates an ambiguity in the policy, and thus we need not address them.  The district court properly held that no genuine issue of material fact exists in this case and that Evanston is entitled to judgment as a matter of law.

AFFIRMED.